# CASES

DECIDED IN THE

# SUPREME COURT OF GEORGIA

AT THE

## MARCH TERM, 1898.

---

### LEE v. THE STATE.

1. Where in a criminal trial the judge, after reading to the jury the sections of the Penal Code defining the offense with which the accused was charged, added: "It is under this law which the court has just given you in charge that the defendant has been indicted and which he is now being tried for having violated," it can not be fairly said that by the use of the words just quoted the judge "assumed that the defendant had violated the statutes referred to by the court in his charge."

2. The charge being simple larceny, and the accused having admitted the taking of the property, but having set up the defense that he did so under the honest belief that the same belonged to his son, it is not cause for a. new trial that the court charged, "and where one sets up a claim of right, the jury should be satisfied that the claim is a real, bona fide, honest claim, and not a pretended one," when it appears that the judge in the same connection gave the accused the full benefit of his theory, and plainly instructed the jury that if he in good faith took the property because he honestly believed he had a right to do so, he should be acquitted, and also further charged that if the jury were left in doubt as to this very question, there should be an acquittal. Taken in connection with all the instructions on this particular subject, it is manifest that by using the words last. quoted the court merely meant to leave to the determination of the jury the question whether the claim of the accused was bona fide or pretended; and in view of the entire charge there is no good reason for apprehending that the jury did not so understand or that they were in any manner misled.

3. There was sufficient evidence to warrant the verdict; and the same having been approved by the trial judge, this court will not interfere.

Argued February 22, — Decided March 22, 1898.

Indictment for simple larceny. Before Judge Sweat. Ware superior court. November term, 1897.

*Leon A. Wilson,* for plaintiff in error.
*John W. Bennett, solicitor-general,* contra.

LITTLE, J. James L. Lee was indicted in the superior court of Ware county, for simple larceny. The offense as charged was, that he did wrongfully, fraudulently, and privately take and carry away three hogs, the property of John Lynn, etc. He was found guilty of the offense, and was recommended to mercy, and sentenced. The defendant did not deny taking the hogs, which were running in the woods at the time, but based his defense on the alleged fact that the hogs belonged to his minor son and that he had the right of control and the power to dispose of them, and that he took and sold the hogs under an honest claim of right, believing that they were the property of his son. Much evidence was introduced both for the State and defendant, tending both to show and to negative this theory of the defendant.

1. On a former conviction under the same bill of indictment, the plaintiff in error sued out a writ of error to this court, which is reported in 102 *Ga.* 221. The case came here on refusal of the judge below to grant him a new trial on certain grounds set out in his motion. Among other errors assigned in that case were several complaining that the judge erred in his charge to the jury. On consideration here, the judgment of the court below was reversed, the verdict set aside, and a new trial granted solely on account of errors committed by the judge in his charge to the jury. The grounds set out in the motion for new trial now before the court are, that the verdict is contrary to law and evidence; and because the court, after defining in its charge simple theft or larceny, and explaining that the stealing of a hog was simple larceny and should be so charged in the indictment, erred in charging the jury as follows: "It is under this law which the court has just given you in charge that the defendant has been indicted and which he is now being tried for having violated." The defendant contends that in using this language the judge assumed that the

defendant had violated the statute to which reference was made. With this contention we do not agree. The jury must have understood from this part of the charge that the defendant had been indicted and was now being tried for having violated the law which the court had just explained to them, and it can only be interpreted as explanatory of the nature of the charge which they had to investigate. While the language used might have been transposed so as to have clearly expressed the same idea without being subject to any criticism, we fail to see how, in connection with the remainder of the charge, the defendant could be injured by the use of the language set out.

2. Another ground is, that the court erred in charging the jury in the following language: "And where one sets up a claim of right, the jury should be satisfied that the claim is a real, bona fide, honest claim, and not a pretended one." The specific objection to this part of the charge is, that it imposed a greater burden on the defendant than was authorized by law. If this extract stood alone, it might under some circumstances be considered as not sufficiently full, and a qualification of the doctrine of reasonable doubt; but an inspection of the charge of the judge shows that, in connection with the paragraph of the charge in which this extract was used, the judge in appropriate language gave to the accused the full benefit of the theory of his defense, and instructed the jury that if he in good faith took the property because he honestly believed he had a right to do so, he should be acquitted. It also appears that in this connection he charged the jury that, if they were left in doubt as to this very question, the defendant was entitled to an acquittal. As we construe this charge, the court merely meant to direct for determination by the jury the question as to whether the claim of the defendant was bona fide or pretended; and taking the charge as a whole, including that portion of it which dealt with the doctrine of reasonable doubt, we fail to find that there is any good reason for apprehending that the jury did not understand the charge as we do, or that they were in any manner misled by the same.

3. This is the second time that a jury has rendered a verdict of guilty upon substantially the same state of facts. In the

former case we did not pass upon the evidence in the case, but rested our decision, as before stated, on the fact that errors were committed by the judge in his charge to the jury. A careful review of the brief of evidence in the present record shows sufficient testimony for the support of this verdict; and as the trial judge was satisfied with it, and refused to grant a new trial on this ground, we will not disturb his judgment.

*Judgment affirmed. All concurring, except Cobb, J., absent.*